```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
FRANK BRETT,

        Plaintiff,
v.                                    CASE NO: 8:14-cv-727-T-33EAJ

U.S. MARSHAL CURTIS, ET AL.,

        Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to pro se Plaintiff Frank Brett's Motion to File this Case Under Seal (Doc. # 1), which was filed on March 24, 2014.  For the reasons that follow, the Court denies the Motion.

**Analysis**

Brett seeks an Order directing that this case be sealed. The Motion states: "Life has been threatened several times and I fear for my life.  I was hit by several cars recently and have a concussion." (Id.).  The Motion contains no further discussion of the Complaint or why this case should be shielded from the public view.

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to

preserve the interest advanced by the motion to seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law.  See Local Rule 1.09, M.D. Fla.  In the case of the present Motion, Brett fails to satisfy Local Rule 1.09.

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings.  As explained by the Eleventh Circuit in Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."  American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th

Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." Id.

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." Id.

Brett has not shown good cause to override the common law and First Amendment rights of the public to review court documents. The Motion is accordingly denied. The Clerk is directed to file Brett's Complaint on the open record.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff Frank Brett's Motion to File this Case Under Seal (Doc. # 1) is **DENIED.**

(2) The Clerk is directed to file the Complaint on the open record.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of March, 2014.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record